**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| McCORMICK 101, LLC, | ) |
|            Plaintiff, | ) |
|            v. | ) Case No. 14 C 8539 |
| STATE BANK OF COUNTRYSIDE, as Trustee, FRANCIS J. LABAYEN, JR., and GLORIA O. LABAYEN, | ) |
|            Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On October 29, 2014, Plaintiff/Mortgagee PNC Bank, National Association, successor to National City Bank, successor to Mid America Bank, brought the present foreclosure action against Defendants State Bank of Countryside, as Trustee under certain Trust Agreements, Francis J. Labayen, Jr., and Gloria O. Labayen. On July 10, 2015, the Court substituted Plaintiff McCormick 101, LLC ("McCormick") as Plaintiff/Mortgagee. Before the Court are Plaintiff's and Defendants' cross-motions for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(a). Plaintiff also brings a motion to appoint a special commissioner and seeks attorney's fees under the terms of the Notes and Mortgages at issue in this action.

For the following reasons, the Court grants Plaintiff's summary judgment motion, denies Defendants' summary judgment motion, and grants Plaintiff's motion to appoint a special commissioner. Plaintiff's revised judgment of foreclosure and sale with accompanying affidavit, certification of attorney's fees with accompanying affidavit, and order appointing a special commissioner are due on or before December 3, 2015.

**BACKGROUND**

I.  **Properties**

Defendant State Bank of Countryside ("State Bank"), is the Trustee under a Trust Agreement dated June 30, 2006, known as Trust Number 06-2864, as well as Trustee under another Trust Agreement dated May 11, 2004, known as Trust Number 04-2643. As Trustee, State Bank executed the following Promissory Notes and Mortgages at issue in this foreclosure action. Defendants Francis and Gloria Labayen are the owners of the beneficial interests of both Trusts held by State Bank.

   A.  **Lyons Property**

On or about August 14, 2006, State Bank as Trustee under Trust Number 06-2864 executed a Promissory Note in favor of Mid America Bank, ("Mid America") in the original principal amount of $362,000.00 ("Note-1"). (R. 69, Pl.'s Rule 56.1 Stmt. Facts ¶ 9; R. 76, Defs.' Rule 56.1 Stmt. Facts ¶ 7.) To secure the indebtedness of Note-1, on or about August 14, 2006, State Bank executed a Mortgage in favor of Mid America ("Mortgage-1"). (Pl.'s Stmt. Facts ¶ 10.) Mortgage-1 pledged to Mid America the property commonly known as 4602 Lawndale Avenue, Lyons, Illinois 60534 ("Lyons Property") and was recorded with the Cook County Recorder of Deeds on September 5, 2006, document number 0624842100. (*Id.*; Defs.' Stmt. Facts ¶ 8.)

   B.  **Stickney Property**

In addition, on or about November 10, 2006, State Bank as Trustee under Trust Number 06-2864 executed a Promissory Note in favor of Mid America in the original principal amount of $744,000.00 ("Note-2"). (Pl.'s Stmt. Facts ¶ 11; Defs.' Stmt. Facts ¶ 9.) To secure the indebtedness of Note-2, on or about November 10, 2006, State Bank executed a Mortgage in

favor of Mid America ("Mortgage-2"). (Pl.'s Stmt. Facts ¶ 12; Defs.' Stmt. Facts ¶ 10.) Mortgage-2 pledged to Plaintiff the property commonly known as 6929 West Pershing Road, Stickney, Illinois 60402 ("Stickney Property") and was recorded with the Cook County Recorder of Deeds Office on November 21, 2006, document number 0632557050. (Pl.'s Stmt. Facts ¶ 12.)

**C.     Berwyn Property**

On or about April 27, 2007, State Bank as Trustee under Trust Number 04-2643 executed a Promissory Note in favor of Mid America in the original principal amount of $546,000.00 ("Note-3"). (*Id.* ¶ 13; Defs.' Stmt. Facts ¶ 11.) To secure the indebtedness of Note-3, on or about April 27, 2007, State Bank executed a Mortgage in favor of Mid America ("Mortgage-3"). (Pl.'s Stmt. Facts ¶ 14; Defs.' Stmt. Facts ¶ 12.) Mortgage-3 pledged to Plaintiff the property commonly known as 2645 Ridgeland Avenue, Berwyn, Illinois 60402 ("Berwyn Property") and was recorded with the Cook County Recorder of Deeds Office on May 2, 2007, document number 0712233055. (Pl.'s Stmt. Facts ¶ 14.)

**II.    Procedural Background**

On November 21, 2012, Plaintiff/Mortgagee PNC Bank filed a foreclosure action against Defendants, Case Number 12 C 9326, concerning the Mortgages and Notes related to the Lyons, Stickney, and Berwyn Properties, along with the Mortgage and Note related to real property located in Cicero, Illinois. (12 C 9326, R. 1, Compl. ¶¶ 9-10, 13-14, 17-18, 20-21.) On February 3, 2015, the parties filed a voluntary stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). (12 C 9326, R. 58.) On that same day, the Court granted the parties' motion and dismissed this earlier foreclosure action without prejudice. (12 C 9326, R. 59.)

On October 29, 2014, PNC Bank filed the present foreclosure action regarding the Lyons, Stickney, and Berwyn Properties' Mortgages and Notes, and on January 28, 2015, Francis J.

Labayen and Gloria O. Labayen appeared through counsel and filed an Answer to Plaintiff's Complaint. (*Id.* ¶¶ 23, 24.) On February 18, 2015, the Court entered an order placing Plaintiff/Mortgagee in possession of the nonresidential properties under 735 ILCS 5/15-1701(b)(2). (R. 25, 2/18/15 Order.) On or about June 23, 2015, McCormick acquired the indebtedness of the Defendants pursuant to a Loan Sale Agreement between PNC Bank and McCormick and is now the holder of the Notes and the Mortgages. (*Id.* ¶ 17.) The Court substituted McCormick as Plaintiff/Mortgagee on July 10, 2015. (*Id.* ¶ 26.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

## ANALYSIS

The parties do not dispute that Illinois law governs the present mortgage foreclosure action. *See Auto–Owners Ins. Co., v. Webslov Computing, Inc.,* 580 F.3d 543, 547 (7th Cir.

2009) ("Courts do not worry about conflicts of laws unless the parties disagree on which state's law applies."). In Illinois, "[t]o prevail on a breach of contract claim, a plaintiff must establish the existence of a valid and enforceable contract, plaintiff's performance, defendant's breach of the terms of the contract, and damages resulting from the breach." *Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 730 (7th Cir. 2014). Illinois courts "look to the contract as a whole in interpreting its individual terms, adopting an understanding of the language that is natural and reasonable." *Land of Lincoln Goodwill Indus., Inc. v. PNC Fin. Servs. Group, Inc.,* 762 F.3d 673, 679 (7th Cir. 2014); *see also In re Duckworth,* 776 F.3d 453, 456 (7th Cir. 2014) ("Illinois adopts the familiar principle that an unambiguous contract is interpreted by the court as a matter of law without use of parol evidence.").

In their summary judgment motion, Defendants challenge McCormick's ability to foreclose on the Lyons, Stickney, and Berwyn Mortgages and Notes arguing that McCormick's predecessors failed to properly serve them with notice of acceleration and default, and thus failed to satisfy a condition precedent to bringing the present foreclosure action. "Under Illinois law, a condition precedent is some act that must be performed or event that must occur before a contract becomes effective or before one party to an existing contract is obligated to perform." *See Hardin, Rodriguez & Boivin Anesthesiologists, Ltd. v. Paradigm Ins. Co.,* 962 F.2d 628, 633 (7th Cir. 1992); *see also Downs v. Rosenthal Collins Grp., L.L.C.,* 963 N.E.2d 282, 289, 357 Ill.Dec. 329 (1st Dist. 2011). "The failure to perform a condition precedent may be construed as a breach of contract." *Hardin,* 962 F.3d at 633. Under Illinois foreclosure law, a notice of acceleration is a condition precedent. *See CitiMortgage, Inc. v. Bukowski,* 26 N.E.3d 495, 499, 389 Ill.Dec. 405 (1st Dist. 2015).

Here, McCormick as Mortgagee argues that because PNC Bank's counsel sent

5

Defendants a letter regarding the Lyons, Stickney, and Berwyn Properties via certified mail/return receipt requested that advised them of the default of the loans and notice of acceleration on July 11, 2012, it has fulfilled the condition precedent to this foreclosure action. (R. 83, Somen Aff., ¶ 2, Ex. A, 7/11/12 default letter.) The July 11, 2012 letter – which was part of the record in the parties' earlier foreclosure action[1] – advised Defendants that they were in default under the Notes and Mortgages due to (1) nonpayment of the amounts due and owing under the Notes, and (2) Defendants' December 2011 Chapter 7 bankruptcy discharge in the United States Bankruptcy Court for the Northern District of Illinois, *In re Francis J. Labayen & Gloria O. Labayen*. (11-39565, R. 52, 12/31/11 Discharge of Joint Debtors). The Court takes judicial notice of Defendants' bankruptcy discharge. *See Spaine v. Cmty. Contacts, Inc.,* 756 F.3d 542, 545 (7th Cir. 2014) (courts "may take judicial notice of publicly available records of court proceedings").

Defendants, nonetheless, argue that the present lawsuit is premised on their alleged default in failing to pay real estate taxes for the three properties starting in March 2014, as well as their failure to make certain installment payments starting in October 2014. Therefore, Defendants assert that the July 11, 2012, letter did not put them on proper notice regarding the March and October 2014 events of default triggering the thirty-day cure period under the terms of the Mortgages.

The Court first notes that Plaintiff's Complaint unequivocally alleges that the events of default at issue include, but are not limited to, Defendants' failure to pay real estate taxes since March 2014 and failure to pay timely installment payments beginning in October 2014. (Compl.

---

[1] (12 C 9326, R. 21-2, Ex. B, 7/11/12 demand letter).

¶¶ 21j., 25j, 28j.) Hence, Defendants were put on notice that other events of default could be the basis of this foreclosure action. Moreover, the Mortgages outline the other "events of default" upon which the Mortgagee can base a foreclosure action, including a bankruptcy filing or discharge. (R. 78, Ex. A-1 ¶ 18D, Ex. A-2 ¶ 18D, Ex. A-3 ¶ 18D.) Pursuant to the unambiguous language of the Mortgages, Defendants' bankruptcy discharge is a per se event of default that is not curable under the terms of the Mortgages, and it is undisputed that the July 11, 2012 letter put Defendants on notice of default in relation to the their Chapter 7 bankruptcy discharge. In response, Defendants do not address Plaintiff's claim that the bankruptcy discharge was a per se default under the relevant Mortgages in their summary judgment briefs. Also, Defendants do not point to Illinois case law or language in the Notes or Mortgages requiring multiple notices of default for multiple events of default. Therefore, viewing the facts and all reasonable inferences in Defendants' favor, they have failed to establish a genuine dispute for trial that Plaintiff did not fulfill the condition precedent of notice of default in order to bring the present foreclosure action.

Next, Defendants Francis and Gloria Labayen assert that they never received the 2012 notice of default and acceleration letter related to the Lyons, Stickney, and Berwyn Properties in the first instance. (R. 86-4, Ex. B, Labayen Decl. ¶¶ 3, 4, 5.) Under the unambiguous terms of the Mortgages at issue, the notice sections state: "Any notice, demand or other communication given pursuant to the terms thereof shall be in writing and shall be delivered by personal service or sent by registered mail, return receipt requested, postage prepaid, addressed as follows: Mortgagor: State Bank of Countryside, as Trustee, 6734 Joliet Road, Countryside, IL 60525." (Ex. A-1 ¶ 32, Ex. A-2 ¶ 32, Ex. A-3 ¶ 32.)

The record reveals that the July 11, 2012 letter was sent to the State Bank, as Trustee, which is the only address listed on the Lyons, Stickney, and Berwyn Mortgages for notice to the

7

Mortgagor. (Somen Aff., ¶¶ 2, 3.) Because State Bank was the only address listed for notice, McCormick's predecessor properly mailed the July 11, 2012 letter under the terms of the Mortgages. *See, e.g., U.S. Bank, N.A. v. Ramos,* No. 11 C 2899, 2013 WL 1498996, at *5 (N.D. Ill. Apr. 11, 2013). In other words, because the terms of the Mortgages only list State Bank under the notice section, whether Defendants Gloria and Francis Labayen did or did not receive the July 2012 notice of default does not defeat McCormick's foreclosure action.

## CONCLUSION

For these reasons, the Court grants Plaintiff's motion for summary judgment [64], denies Defendants' motion for summary judgment [75], and grants Plaintiff's motion to appoint special commissioner [63].

**Dated:** November 24, 2015

                                            **ENTERED**

                                            _____
                                            **AMY J. ST. EVE**
                                            **United States District Court Judge**